Weldon, J.,
delivered the opinion of the court:
The petition in this case was filed on the 28th of September, 1887, and seeks relief under the provisions of the act entitled “An act to provide for the bringing of suits against the Government of the United States,” approved March 3, 1887.
The allegations of the petition are as follows :
“Your petitioner, John Schierling, administrator of the estate of Gallus Kerchner, deceased, a citizen of the United States, and a resident of North Vernon, State of Indiana, respectfully represents that on the 1st day of July, 1864, Gallus Kerchner entered into a written contract with Oapt. J. M. Whittemore, for and on behalf of the United States, whereby he agreed to deliver 1,500 cubic yards, more or less, ot dimension stone, on the cars of the Madison and Indianapolis Railroad, at North Vernon, Ind., for $5 per cubic yard.
*362 “ Tour petitioner represents that he is informed that Kerch-ner was intoxicated about one-half of the time he was furnishing stone under his contract, and by reason thereof was not right in liis mind, and that Kerchner objected to getting out stone; but being threatened with imprisonment and court-martial, he continued to do so, not knowing the power the officer possessed, and having an imperfect knowledge of the English language, and not understanding the law, or the force, or the effect of the contract he entered into.
“ That it cost to quarry the stone $10 per cubic yard, and $2.25 to haul to depot.
“ And from these facts it would seem that no man in his senses, and not under delusion, would enter into such a contract, and no fair man would enforce it.
“ Your petitioner, in consideration of the facts aforesaid, and the gross inadequacy of price, in equity and good conscience, ought to recover the fair and reasonable value for the stone used in the main arsenal building, which, according to the finding of the Court of Claims, was:
1,538 cubic yards, at $12.50 is.$10,225
Amount paid on account arsenal... 7,549
Leaves the balance due. 11,676
“ And for this balance petitioner demands judgment against the United States.
“Your petitioner represents that no assignment or transfer of said claim, or any part thereof, or interest therein has been made, and affiant believes that he is justly entitled to the amount claimed from the United States, after allowing all just credits and offsets, aud that he believes the facts as stated in said petition to be true.”
The contract alleged in said petition in its material provisions is as follows:
“This contract made and entered into this 1st day of July, A. D. 1864, between Gall us Kerchner, of North Yernon, county ■of Jennings, in the State of Indiana, of the first part, and the United States, by Capt. J. M. Whittemore, ordnance officer, for Chief of Ordnance, acting under direction and by authority of the Secretary of War, for and in their behalf, of the second part:
Witnesseth : That the party of the first part does hereby contract and engage with the said United States to furnish such stone from his quarry at North Yernon, county of Jennings, ■State of Indiana, as may be required for the erection of the main arsenal building at Indianapolis, Ind., said stone to be of first quality blue limestone, and to be of such dimensions and in such quantities as maybe specified, from time to time, by the said Capt. J. M. Whittemore, commander of the Indianapolis Arsenal, or his successor.
*363 u The quantity of stone to be furnished to be 1,600 cubic yards, more or less.
* * * *
u * * * Payments, in such funds as the Treasury Department may provide, are to be made at the rate of $5 per cubic yard, and in sums not less than $500,15 per cent, of which will be retained until the fulfillment of this contract.”
If this court, under said act, has a right to entertain a suit on a claim not brought “ within six years after the right accrued,” the allegations,of the petition-are too general and indefinite to constitute the statement of a cause of action -under the section of the law giving power to this court to exercise equitable jurisdiction.
The petition is therefore dismissed.