Davis, J.,
delivered the opinion of the court:
Drawback is claimed in this case upon bituminous coal imported for use upon plaintiff’s steam-ships plying from Boston to Liverpool. The act of March 3,1883, provided, in Schedule U. thereof, that a drawback of 75 cents per ton should be allowed upon “all bituminous coal imported into the United States, which is afterwards used for fuel on board vessels propelled by steam which are engaged in the coasting trade of the United States, or in the trade with foreign countries, to be all ,wed and paid under such regulations as the Secretary of the Treasury shall prescribe.”
In June, 1886, the following act was passed, to take effect upon the 1st of July following:
“ Sec. 10. That the provisions of Schedule U of 'An act to reduce internal-revenue taxation, and for other purposes,’ approved March 3, 1883, allowing a drawback on imported bituminous coal used for fuel on board vessels propelled by steam, shall be construed to apply only to vessels of the United States.”
This act the Secretary of the Treasury applied to coal imported prior to July 1, 1886, upon which the drawback had not been paid at that date. Plaintiff had imported several cargoes of bituminous coal during the month of June. The coal was duly entered in bond for warehousing, to be withdrawn for use as fuel upon steam-ships, but the warehouse entries were not liquidated, nor were other proceedings taken, nor was the coal withdrawn until after July 1. Acting upon the construction given the act of 1886 by his superior officer, the collector at Boston collected the duties upon the coal, which were paid under pro-t est, and refused to pay the drawback.
A similar question was presented to this court in Kennedy v. The United States (23 C. Cls. R., 361), and the court held •that 1'ongress intended the act of 1886 to “ apjily only to reshipments thereaiter made.” In Kennedy’s Case the reshipments were made prior to July 1, and all that remained to be done after that date was the payment of the drawback. In the case at bar the coal had been imported prior to July 1,1886, but was not reshipped until after -that date. Upon these facts the question is presented whether plaintiff’s rights are to be measured *432 by the law as it existed when the coal was imported or as it existed when the coal was reshipped.
The case is analogous to that of an importer who, upon the faith of an existing- tariff, imports goods from a distance and finds that during transit the tariff has been changed, and that he is bound to a higher rate of duty than the one upon the faith of which he had ordered the goods from the foreign producer or manufacturer.
In the case at bar there was no increase of duty upon the-coal; there was merely the withdrawal of a privilege to obtain a return of the duty paid should the coal be exported for a certain purpose. The statute, we have held, was not retroactive, and we are still of that opinion, so the question remains whether plaintiff’s right to the benefit of the act of 1883 accrued at the date of importation of the coal or at the date of withdrawal for reshipment.
The right of the G-overnment to impose taxes, duties, imposts, and excises is not a right sounding in contract with the individual. A tax may at any time be increased or diminished or a new tax or a new duty may be at any time imposed without founding any right in contract upon the part of the individual against the Government. The tariff is always subject to change, and the owner of the goods in transit at the time has no rights because of this change, but must pay the duties imposed by the law as it exists at the time the goods arrive. If the duty shall have been increased he will suffer; if it shall have been lowered he will be the gainer, and those will lose who have on hand goods imported under the former and higher tariff. (United States v. Benzon, 2 Cliff., 512.)
The right to the drawback under the act of 1883 did not arise until the coal was withdrawn for reshipment, and when so withdrawn in this case the privilege no longer existed. The act of 188G was not retroactive, but it did operate upon coal reshipped after July 1, when it came into effect.
The petition is dismissed.